Christopher B. Hadley #14055
Timothy B. Smith #8271
Brennan J. Curtis, #16433
Jones Waldo Holbrook & McDonough PC
1441 W. Ute Blvd., Suite 330
Park City, UT 84098
Telephone: (435) 200-0087
Telefax: (435) 200-0084
chadley@joneswaldo.com
tsmith@joneswaldo.com
bcurtis@joneswaldo.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **HEATHER FELDMAN**, Plaintiff, vs. **LAUREN FIELDING**, Defendant. | **COMPLAINT AND JURY DEMAND** Case No.: 2:22-cv-00028 Magistrate Judge: Daphne A. Oberg |

Plaintiff Heather Feldman ("Plaintiff" or "Feldman") complains of Defendant Lauren Fielding ("Fielding" or "Defendant") and alleges as follows:

### NATURE OF ACTION

1. This is an action for infringement of Feldman's non-federally-registered trademark under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), for substantial and related claims under the Utah Deceptive Trade Practices Act, Utah Code Ann. § 13-11a-3(b)-(c), and the common law. Feldman owns and has continually used the trademark "PARK CITY

1

HOUSE HUNTERS" in Utah and in interstate commerce since at least 2008 for the provision of real estate services in Park City, Utah. Defendant has committed unauthorized use of this mark, and is creating substantial confusion in the market, by utilizing the name "PARK CITY HOUSE HUNTER" and "PARK CITY HOUSE HUNTING" for the same services, through the same channels of commerce, and in the same market.

2. Feldman seeks injunctive and monetary relief for Defendant's infringement.

## JURISDICTION

3. This case is a civil action arising under the trademark laws of the United States, and this Court accordingly has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

4. Feldman likewise invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367, over the remaining claims alleged herein. Such claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

6. Plaintiff Feldman is a licensed realtor serving the greater Park City, Utah area.

7. Feldman is a realtor affiliated with Keller Williams Real Estate of Park City.

8. Feldman has been using the mark "PARK CITY HOUSE HUNTERS" in Utah since 2008.

9. Specifically, Feldman maintains the website ParkCityHouseHunters.com, and a Facebook page and LinkedIn profile, that prominently display the Park City House Hunters mark.

10. Additionally, Feldman utilizes her mark in all of her marketing and sales materials, including print advertisements, social media, websites, and word of mouth.

11. In January 2017, Feldman applied for and obtained a State of Utah trademark registration for "PARK CITY HOUSE HUNTERS."

12. The Park City area is a close-knit ski and vacation community.

13. The Park City area is a popular and competitive place to buy real estate with both local residents and out-of-state buyers.

14. Despite this clear prior use in the community, and despite this prior registration with the State of Utah, upon information and belief, Defendant Fielding began using the substantially similar names "PARK CITY HOUSE HUNTER" and "PARK CITY HOUSE HUNTING" for the provision of realtor services in the Park City, Utah community in 2017 or 2019.

15. Fielding maintains parkcityhousehunter.com.

16. Fielding maintains parkcityhousehunting.com.

17. Additionally, Fielding maintains the following social media accounts that infringe upon Feldman's prior, and near identical mark: parkcityhousehunter (Instagram); Park City House Hunter – Lauren Fielding (Facebook); and PCHouseHunter (Twitter).

18. In addition to the clear similarity between, PARK CITY HOUSE HUNTERS and PARK CITY HOUSE HUNTER and PARK CITY HOUSE HUNTING, Feldman and Fielding have phonetically similar last names that have caused and are likely to cause further confusion within the community and market and related association with the mark.

19. Upon information and belief, Fielding is a realtor agent affiliated by agreement whether oral or written, with Berkshire Hathaway Home Services Utah Properties.

20. Fielding is marketing her competitive real estate services on Facebook, Twitter, Instagram, her own website, word of mouth, and print materials, all using the identical mark, for the specific purpose of targeting Park City area real property buyers and sellers.

21. Each of these uses is creating documented actual confusion as well as creating a likelihood of confusion.

22. Specifically, Feldman has been contacted by local realtors, who were surprised that Fielding is now associated with Feldman, despite the fact that Feldman and Fielding are not associated with one another and are in fact competitors in the market.

23. Fielding has continued her infringement, despite numerous good faith efforts from Feldman to resolve this dispute without court involvement.

24. Specifically, Feldman identified Fielding's infringing activity in the Fall of 2021.

25. Feldman then sent a letter to Fielding through counsel on November 3, 2021, detailing Feldman's rights in the PARK CITY HOUSE HUNTERS mark, and outlining Fielding's infringing activity with specificity.

26. Fielding completely ignored these requests and demands or sought to delay resolution of the infringement, knowing that she is maintaining a near identical and infringing name.

27. Fielding has taken the additional bad faith step of filing for two federal trademark applications seeking to protect her infringing PARK CITY HOUSE HUNTER name with the United States Patent and Trademark Office ("USPTO").

28. Specifically, Fielding filed for trademark protection of this infringing mark, knowing Feldman's long-standing prior use, on two separate occasions.

29. Fielding originally filed for trademark protection in or about April 2021.

4

30. This first application alleged that Fielding had been utilizing the PARK CITY HOUSE HUNTER mark since February 7, 2019.

31. Fielding thereafter filed a second application for the identical mark and claimed classes of goods and services with the USPTO on or about October 15, 2021, and after Fielding was notified by Feldman of her prior use and infringement.

32. This second application alleged that Fielding's first use of the mark was on April 29, 2017.

33. The applications accordingly demonstrate a false statement as to Fielding's alleged first use of her mark as well as her claims of her ownership knowing Feldman's prior use.

34. Regardless of whether Fielding first used her PARK CITY HOUSE HUNTER mark in April 2017, or February 2019, Fielding's use clearly and substantially post-dates Feldman's use of the mark in the same community and for the same provision of services.

35. Fielding's use is willfully causing actual confusion in the community and is causing irreparable harm to Feldman's business.

36. Feldman's potential customers are both confused as to the near identicalness of the names and will assume a non-existent affiliation between Feldman and Fielding.

## **FIRST CAUSE OF ACTION**
**(Trademark Infringement and False Designation of Origin under 15 U.S.C. § 1125)**

37. Feldman alleges paragraphs 1 through 36 as if fully set forth herein and further alleges as follows.

38. Feldman's PARK CITY HOUSE HUNTERS is a distinctive, and strong, mark that identifies and distinguishes Feldman from other realtors in the Park City market.

39. The PARK CITY HOUSE HUNTERS mark is accordingly entitled to trademark protection.

40. Feldman has registered her trademark with the State of Utah and has been continually using her mark in commerce since at least 2008.

41. Defendant is using a near identical, and therefore similar mark, in connection with the advertisement, and sale of realtor services in the exact market that Feldman has established her mark.

42. Defendant's use of her near identical mark postdates Feldman's use of her mark in commerce.

43. Feldman's customers, members of the public, and members of the realtor profession, have been, and will be, confused, mistaken, and deceived by Defendant's use of the confusingly similar name as to the affiliation, connection, or association of Defendant with Feldman, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

44. Defendant through use and publication of PARK CITY HOUSE HUNTER and PARK CITY HOUSE HUNTING have infringed on Feldman's trademark rights with respect to the PARK CITY HOUSE HUNTERS mark.

45. Feldman has suffered damages in an amount to be determined at trial.

46. Feldman has likewise suffered irreparable harm and will continue to suffer irreparable harm until Defendant is properly enjoined in her infringing activity.

47. The Court should accordingly enter a preliminary and permanent injunction, enjoining Defendant from utilizing her confusing and infringing PARK CITY HOUSE HUNTER and PARK CITY HOUSE HUNTING names.

## SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement)

48. Feldman alleges paragraphs 1 through 47 as if fully set forth herein and further alleges as follows.

49. Feldman has been utilizing her mark in commerce since at least 2008, including on her websites, social media accounts, print materials, and word of mouth advertising.

50. Feldman uses her mark for advertising her services for prospective home buyers in the greater Park City, Utah area.

51. Feldman filed for and obtained a State of Utah trademark registration for "PARK CITY HOUSE HUNTERS" on January 4, 2017.

52. By virtue of Feldman's continuous and exclusive use of her mark, and its acquired secondary meaning and ties to Feldman's quality of services and business, Feldman holds a common law trademark for her mark.

53. Defendant's use of a confusingly similar mark infringes upon Feldman's common law trademark rights.

54. By reason of the foregoing, Feldman asserts a claim against Defendant in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Deceptive Trade Practices Under U.C.A. 13-11a-3(b)-(c))

55. Feldman alleges paragraphs 1 through 54 as if fully set forth herein and further alleges as follows.

56. As detailed above, and as apparent by the near identical PARK CITY HOUSE HUNTER and PARK CITY HOUSE HUNTING names, customers and members of the public are

confused as to the source, sponsorship, approval, or certification of Defendant's goods and services.

57. Moreover, customers and members of the public have been confused, and will be confused, as to whether Feldman has an affiliation, connection, or association with Defendant, and whether Feldman has certified Defendant's use of her mark, which she has not.

58. The unauthorized use of the confusingly similar marks therefore amounts to a deceptive trade practice under Utah law.

59. Feldman accordingly requests injunctive relief as provided by statute, damages in an amount to be determined at trial, and attorneys' fees as provided by statute.

## FOURTH CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Relations)

60. Feldman alleges paragraphs 1 through 59 as if fully set forth herein and further alleges as follows.

61. Defendant has intentionally interfered with Feldman's existing and potential economic relations.

62. Specifically, Defendant has knowingly maintained a near identical trade name as detailed above, which trade name causes confusion between Feldman and Defendant's services, and which diverts prospective economic relations from Feldman to Defendant.

63. Defendant has accomplished this interference with Feldman's economic relations for an improper purpose and by improper means.

64. Feldman has been damaged by Defendant's actions in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Feldman prays as follows:

(a) for general and specific damages in an amount to be proven at trial;

(b) for compensatory damages to be proven at trial;

(c) for punitive damages to be proven at trial for Defendant's willful and bad faith actions;

(d) for a preliminary and permanent injunction against Defendant, prohibiting her from utilizing a substantially similar mark;

(e) for attorneys' fees and costs incurred in bringing this action; and

(f) for such other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of January 2022.

JONES, WALDO, HOLBROOK & McDONOUGH, PC

*/s/ Christopher B. Hadley*
Christopher B. Hadley
Timothy B. Smith
Brennan Curtis
*Attorneys for Plaintiff*